**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JUDY STOVALL**                                                                 **PLAINTIFF**

**V.**                                                  **CAUSE NUMBER: 1:25-cv-00194-JDM-DAS**

**ROCKET MORTGAGE, LLC**                                                 **DEFENDANT**


**ORDER**

Before the Court are two motions—Defendant Rocket Mortgage, LLC's Motion to Dismiss for Failure to State a Claim [9] and Plaintiff Judy Stovall's Motion for Leave to file an amended complaint [21].

Stovall's Complaint [1] asserts one claim against Rocket Mortgage—that it violated dual tracking prohibitions under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(f), and RESPA's implementing "Regulation X"—specifically 12 C.F.R. § 1024.41(g). According to Stovall, Regulation X prohibits a mortgage servicer like Rocket Mortgage from conducting or proceeding with a foreclosure while a borrower's complete loss mitigation application is pending. Stoval alleges she submitted her complete loss mitigation application— that is, her Application for Success—on March 13, 2024. Yet Rocket Mortgage still proceeded with foreclosure sale on April 10, 2024. Stovall claims she has suffered actual damages from Rocket Mortgage's RESPA violation, including emotional distress, loss of her home, and financial distress.

Faced with Rocket Mortgage's motion to dismiss, Stovall moved for leave to amend her complaint. The proposed amended complaint alleges Rocket Mortgage violated RESPA based on 12 C.F.R. § 1024.41(f)(2) of Regulation X, instead of 12 C.F.R. § 1024.41(g) as originally alleged.

**Res Judicata**

Rocket Mortgage both moves to dismiss Stovall original complaint and opposes her request to amend her complaint primarily for the same reason—res judicata.[1] "Res judicata is a doctrine of claim preclusion." *Derr v. Swarek*, 766 F.3d 430, 440 (5th Cir. 2014) (quoting *Garcino v. Noel*, 100 So. 3d 470, 475 (Miss. Ct. App. 2012)). "When a court of competent jurisdiction adjudicates— that is, enters a final judgment on the merits of an action—the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Id.* (quoting *Garcino*, 100 So. 3d at 476). "Simply put, res judicata 'bars a second action between the same parties on the same subject matter directly involved in the prior action.'" *Garcino*, 100 So. 3d at 475 (quoting *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005)).

Rocket Mortgage asserts Stovall's unsuccessful efforts in state court to first void the foreclosure sale and then enjoin eviction preclude her bringing a RESPA claim in this Court. And allowing Stovall to amend her complaint would not change the fact this action is barred. In support, Rocket Mortgage attached to its motion various state court filings in the Chancery Court of Winston County, Mississippi.

Candidly, Rocket Mortgage concedes that res judicata is an affirmative defense that "generally cannot be raised in a motion to dismiss" but "should instead be pleaded as an affirmative defense[.]" *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661 (5th Cir. 2025) (quoting *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020)). But Rocket Mortgage asserts this case meets the exception to that general rule. Citing *Anderson*, Rocket Mortgage points out that "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is

---

[1] Res judicata is Latin for "a thing adjudicated." *Res Judicata*, BLACK'S LAW DICTIONARY (12th ed. 2024).

2

apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson*, 953 F.3d at 314. Rocket Mortgage asks this Court to take notice of the state court filings attached to its motion to dismiss.

Stovall counters by citing the general rule that claim preclusion should not be resolved at the pleadings stage when the record does not contain what completely transpired in state court. This Court agrees with Stovall. It is not apparent from Rocket Mortgage's motion that "all of the relevant facts" necessary to resolve Rocket Mortgage's res judicata claim "are contained in the record . . . and all are uncontroverted." *Pie Dev., L.L.C.*, 128 F.4th at 661 (quoting *McIntyre v. Ben E. Keith Co.*, 754 Fed. App'x 262, 265 (5th Cir. 2018)). For this reason, the Court declines to address Rocket Mortgage's res judicata claim at this juncture. To the extent the motion to dismiss relies on res judicata, the motion is denied without prejudice so that Rocket Mortgage may pursue this affirmative defense at a later stage.

### Failure to State a Claim

In its motion to dismiss, Rocket Mortgage next argued the original complaint fails to state a claim because the alleged facts do not support a violation of 12 C.F.R. § 10240.41(g). In response, Stovall's proposed amended complaint alleges Rocket Mortgage failed to follow 12 C.F.R. § 10240.41(f)(2), removing any reference to 12 C.R.F. § 10240.41(g).

Leave to amend a complaint should be "freely given." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Moreover, pro se plaintiffs like Stovall should be afforded leniency. *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015).

For this reason, Stovall's Motion for Leave to file an amended complaint is granted.

3

**Actual Damages**

Finally, Rocket Mortgage asserts both the original complaint and amended complaint fail to allege actual damages. "To recover [under RESPA], a claimant must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e), (f)). And one First Circuit court recently cited *Whittier* to for the proposition that, "to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plausibly allege that actual damages *resulted* from a RESPA violation." *Fuller v. MSR Asset Vehicle LLC*, No. 3:25-cv-01242-E-BT, 2026 WL 805750, at *2 (N.D. Tex. Feb. 17, 2026) (citing *Whittier*, 594 F. App'x at 836) (emphasis in original), *report and recommendation adopted*, No. 3:25-cv-01242-E-BT, 2026 WL 803470 (N.D. Tex. Mar. 20, 2026).

There are some types of RESPA violations that arguably cause de minimus harm. For example, in *Whittier*, the plaintiffs alleged that their loan servicer's response to a written request for account information violated RESPA because "the font size made the response largely illegible" and thus was not an actual timely response. *Id.* And the court rejected the plaintiffs' "argument that harm to their credit rating and the expenses of litigation constitute[d] actual damages" for RESPA recovery.

But in this case, Stovall is not trying to catch Rocket Mortgage in a mere regulatory violation. Rather, Stovall specifically alleges Rocket Mortgage's RESPA violation led to her home being foreclosed and sold out from under her, causing emotional distress and financial harm. Thus, she has plausibly alleged actual damages resulted from the RESPA violation.

**Conclusion**

Rocket Mortgage, LLC's Motion to Dismiss for Failure to State a Claim [9] is **DENIED**.

Stovall's Motion for Leave to file an amended complaint [21] is **GRANTED**. Stovall shall file her amended complaint within twenty-one days (21) of the entry of this order.

**SO ORDERED**, this the 30th day of April, 2026.

      /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI