**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JUDY STOVALL**                                                                    **PLAINTIFF**

**V.**                                            **CAUSE NUMBER: 1:25-cv-00194-JDM-DAS**

**ROCKET MORTGAGE, LLC**
*formerly known as* **QUICKEN LOANS, LLC**                              **DEFENDANT**

## ORDER GRANTING DISMISSAL

Before the Court is defendant Rocket Mortgage, LLC's Motion to Dismiss. [28] Rocket Mortgage seeks to dismiss this action under Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), a "district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). And here both deficiencies are present. Stovall has failed to comply with the Court's April 30, 2026 order to file an amended complaint within twenty-one days. [26] And Stovall has not prosecuted her claim against Rocket Mortgage.

Specifically, Stovall has not filed an amended complaint that asserts a viable RESPA claim.[1] She did not attend the telephonic case management conference scheduled for June 5, 2026. [30] And she did not respond to Rocket Mortgage's motion to dismiss.

---

[1] Stovall's original pro se complaint sought damages under the Real Estate Settlement Procedures Act (RESPA)—specifically, 12 U.S.C. § 2605(f) and 12 C.F.R. § 1024.41(g). Rocket Mortgage moved to dismiss the complaint. [9] It argued Stovall's factual allegations did not support a RESPA violation under 12 C.F.R. § 1024.41(g). In response, Stovall moved for leave to file an amendment complaint. The proposed amended complaint removed reference to 12 C.F.R. § 1024.41(g). Instead, the proposed claim was that Rocket Mortgage violated RESPA based on 12 C.F.R. § 1024.41(f)(2) of Regulation X.

The Court is mindful that leniency should be given pro se plaintiffs like Stovall. In fact, this Court *was* lenient to Stovall when it denied Rocket Mortgage's motion to dismiss and granted Stovall's motion for leave to amend her complaint. [26] But pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Nor does it relieve the plaintiff of her burden to prosecute her case. *See e.g.*, *Moore v. Lee Cnty., Miss.*, No. 3:22-cv-92-GHD-JMV, 2023 WL 3612356, at *1 (N.D. Miss. Apr. 27, 2023), *report and recommendation adopted*, No. 3:22-cv-00092-GHD-JMV, 2023 WL 3607461 (N.D. Miss. May 23, 2023) (dismissing under Rule 41(b) based on the pro se plaintiff's failure to participate in the case management conference and failure to respond to a show-cause order).

As a practical matter, there is simply no way for this case to move forward without Stovall's participation. For this reason, the Court finds the motion to dismiss should be granted. But the dismissal is *without prejudice*, as opposed to with prejudice, as there is not a "a clear record of delay or contumacious conduct by [Stovall]." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018).

Rocket Mortgage's Motion to Dismiss [28] is **GRANTED**.

Stovall's complaint is **DISMISSED without prejudice**.

A Final Judgment will issue this day. This case is **CLOSED**.

SO ORDERED, this the 6th day of July, 2026.

 /s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

2